position of these lots Rose made various changes in the restrictions, particularly in the conveyances of the lots fronting on 105th Street, and we believe the evidence establishes that in the sale of one lot fronting on East Boulevard no restrictions whatever were imposed.

The petition is dismissed at the cost of the plaintiff.

(Mauck, J., concurs.)

---

## JENKINS v. JENKINS, et.

Ohio, Appeals, 6th Dist., Sandusky Co.

No. 202. Decided May 9, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

**HUSBAND & WIFE**

(290 Da) Evidence that parties lived together as husband and wife for more than thirty years, together with some testimony tending to show agreement to become husband and wife, sufficient to establish common law marriage, notwithstanding impediment to marriage not removed until three years before death of husband.

Appeal from Common Pleas.

W. J. Mead, Fremont and McIntosh & Garrahan, for plaintiff in error.

Culbert & Culbert and G. C. Scheffler, Fremont, for defendant in error.

### STATEMENT OF FACTS.

Alfred Jenkins, a resident of this county, died intestate on January 4, 1926, the owner in fee simple of 35 acres of land situated in this county. This action was commenced on February 2, 1927, for the purpose of procuring a partition of the real estate left by him. From the decree of the court of common pleas an appeal has been taken to this court.

The plaintiff, Alma Jenkins, and the defendants, Fred Jenkins and Hinda Stewart, claim to be children of Alfred Jenkins, and his only heirs at law, and the defendant Alma Diehl Jenkins claims to be his widow and entitled to dower in the premises.

It appears from the evidence in this case that Alfred Jenkins and Lista Jenkins, who were colored persons and slaves, lived together as husband and wife in the State of Virginia during and after the Civil War. On February 27, 1866, while they were so living together, the General Assembly of Virginia enacted a statute to legalize the marriages of colored persons cohabiting as husband and wife. Under and by virtue of the provisions of that act the decedent Alfred Jenkins and Lista Jenkins became, in law and in fact, husband and wife.

The evidence shows that in April, 1895, the decedent abandoned his wife, Lista Jenkins, and left Virginia with the defendant, now known as Alma Diehl Jenkins, a white woman, but then known as Alma Diehl and the wife of George S. Diehl. They came to Ohio and lived and cohabited together as husband and wife for more than thirty years and up to the time of the death of Alfred Jenkins on January 4, 1926, although no children were born to them.

In 1895, not long after they left Virginia, George S. Diehl secured a divorce from his wife, Alma Diehl. Lista Jenkins, the former wife of Alfred Jenkins, died in Virginia in the year 1923. The decedent Alfred Jenkins and Alma Diehl Jenkins were universally known and recognized and believed by their neighbors and friends for more than thirty years, to be husband and wife. There is some testimony tending to show an agreement on their part to become husband and wife, but an impediment existed preventing a lawful marriage in that Lista Jenkins was still living until the year 1923. The divorce granted George S. Diehl in 1895 of course removed the impediment theretofore existing by reason of the marriage between him and Alma Diehl, now Alma Diehl Jenkins.

In view of the facts and circumstances shown in this case establishing the long continued relations between the parties, showing that they resided and cohabited together as husband and wife and held themselves out to their friends and neighbors as such, and that this continued down to the time of the death of Alfred Jenkins, and after all impediments to their marriage had been removed, added to the fact that there is testimony tending to show an agreement in the present tense to become husband and wife, this court is forced to the conclusion that a common law marriage existed between them and that Alma Diehl Jenkins is the widow and entitled to dower in the premises involved in this action. This conclusion is in line with the holding of the Supreme Court in Johnson vs. Wolford, et al., decided June 15, 1927, Ohio Law Bulletin and Reporter of July 25, 1927, and with Dirion vs. Brewer, Admr., et al., 20 Ohio App. 298.

The evidence fails to disclose clearly and convincingly that the decedent held the title in trust for Alma Diehl Jenkins, and that claim made by her is disallowed. She has paid certain claims against the estate, such as doctors' bill, funeral expenses, etc., for which she is entitled to be reimbursed.

The defendant, G. C. Sheffler, as administrator of Alfred Jenkins, deceased, is entitled to an order of sale of the premises, for the payment of debts of the decedent. A decree may be drawn in accordance with this opinion.

(Williams and Lloyd, JJ., concur.)

---

## EUCLID 105th ST. PROPERTIES CO v. FISHER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8375. Decided Apr. 23, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff

**REAL ESTATE—Negligence (370 D2)**

(510 La1) Owner of market house, who invites general public to trade, must furnish reasonable protection. Not unreasonable to require that hand truck furnished by owner for use of tenants, be provided with warning devices.

Error to Common Pleas.
Judgment affirmed.

C. D. Warner, Cleveland, for Properties Co.

Harry G. Fuerst, Cleveland, for Fisher et.

### STATEMENT OF FACTS.

Defendant in error, who was plaintiff in the trial court, brought an action against The Euclid-105th Street Properties Company and also against A. F. Glaefke and Son, to recover damages for personal injuries claimed to have been sustained by reason of the negligence of the above named defendants. A judgment was entered in favor of defendant in error. Error